# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE ECKMAN, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | |
| COMMERCIAL RECOVERY | § | |
| SYSTEMS, INC. | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Michelle Eckman, hereinafter referred to as Plaintiff complaining against Commercial Recovery Systems, Inc. hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover

monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2. Plaintiff, Michelle Eckman, is a natural person residing in Montana. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section 17.50(a)(1).

3. Defendant, Commercial Recovery Systems, Inc., is a corporation engaged in the business of collecting consumer "debts" as defined by 15 U.S.C. §1692(a)(5) by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FIRST COUNT

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendant

contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. On or about December 12, 2009, Defendant called Plaintiff in connection with collecting an alleged debt. Defendant told Plaintiff that she owed the debt and demanded payment. Plaintiff explained that she could not pay what Defendant wanted and that she believed the balance was not accurate. Plaintiff eventually ended the call. Defendant called Plaintiff back immediately after she hung up and pressured Plaintiff to make a payment. In the hope that it would cause Defendant to cease the calls, Plaintiff reluctantly agreed to make a payment later in the month (§ 1692d(5));

b. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including calling Plaintiff between 8:00 am and 2:00 pm. Plaintiff works during the time when most people are sleeping. She is released from work in the early morning and spends most of the late morning and afternoon sleeping. Plaintiff has told Defendant not to call during this time, but they continue to do so (§ 1692c(a)(1));

    c. Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer.  Plaintiff informed Defendant on or about February 23, 2010, that her employer had prohibited further calls to her place of employment and that also Plaintiff personally believed such calls to be inconvenient.  Defendant has continued to call Plaintiffs place of employment after that date (§ 1692c(a)(1)(3));

    d. Failing to disclose Defendants true corporate or business name and failing to state that the communication was form a debt collector, in a telephone call to Plaintiff.  Plaintiff has received at least two voicemails from Ms. Jackson, who represents herself as being employed by Defendant, where such voicemails did not contain any notice that the communications were from Commercial Recovery Systems and did not contain any notice that the communications were from a debt collector (§ 1692d(6) & § 1692e(11)).

6. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

7. Plaintiff reincorporates by reference herein all prior paragraphs above.

8. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19));

   b. Causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff (Tex Fin Code § 392.302(4));

   c. Using a name other than the true business or professional name or the true personal or legal name of Defendant while engaged in debt collection (Tex Fin Code § 392.304(a)(1)).

9. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

10. Defendant's aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

11. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

12. Plaintiff reincorporates by reference herein all prior paragraphs above.

13. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

14. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

15. Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

16. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

17. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

18. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

19. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

20. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

21. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

## FOURTH COUNT
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

22. Plaintiff reincorporates by reference herein all prior paragraphs above.

23. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.

Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendant as follows:

(a)   a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b)   an award of actual damages;

(c)   an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)   an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e)   a declaratory judgment be entered that Defendant's conduct violated the Texas Deceptive Trade Practices Act;

(f)   an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g)   seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to

      exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(h)    such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/ Dennis R. Kurz  
Dennis R. Kurz  
Texas State Bar # 24068183  
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.  
5025 N. Central Ave. #602  
Phoenix, AZ 85012  
(888) 595-9111 ext. 412  
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on May 12th, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz  
Dennis R. Kurz
